IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN CORPORATION, PLC and<br>ELAN PHARMA INTERNATIONAL LTD.,<br><br>　　　　　Plaintiffs<br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.<br><br>　　　　　Defendant. | Civil Action No. 07-552-SLR |

**RESPONSE TO PLAINTIFF'S CITATION OF SUBSEQUENT AUTHORITY**

Pursuant to the Court's permission, Defendant Teva Pharmaceuticals USA, Inc., by and though its undersigned counsel, hereby briefly responds to Elan's Citation of Subsequent Authority in Support of Its Motion to Dismiss and to Strike filed in this action. [Docket No. 24].

Elan claims that the Federal Circuit's January 17, 2008 Opinion in *Innogenetics, N.V. v. Abbott Labs.*, Nos. 07-1145-1161, 2008 U.S. App. LEXIS 976 (Fed. Cir. Jan. 17, 2008) supports its motion to dismiss Teva's inequitable conduct charge. Elan errs in failing to appreciate the distinction between mere attorney argument and the intentional mischaracterization of a material fact. There is no question that the latter can constitute inequitable conduct.

*Innogenetics* does not change this rule of law. In *Innogenetics*, the prosecuting attorney submitted prior art references (namely, the Cha PCT application and a search report identifying the Cha PCT application) to the Patent Office, and then generally argued that "the references do not relate to the invention and, therefore, further discussion of the same is not necessary." Id. at *36. *Innogenetics'* prosecuting attorney, however, later admitted that he had not examined the prior art references. Id. The argument he submitted to the Patent Office was simply boilerplate language he used in other prior art statements submitted to the Patent Office. Id. *Innogenetics'*

attorney never intentionally misrepresented an underlying material fact of the Cha PCT application; he merely argued generally that the reference did not relate to the invention he was prosecuting. The district court ruled — notably, on summary judgment, not on a motion to dismiss — that the attorney's comments did not constitute a material misrepresentation, but rather "mere attorney argument." Id. The Federal Circuit affirmed, highlighting that the defendant had "failed to demonstrate any genuine issue of material fact as to the materiality of *Innogenetics'* representation…" Id. at *36.

Here, Teva pled that Elan's prosecuting attorney intentionally misrepresented a material fact underlying a key prior art reference, the Mehta reference. (See Teva's Answer and Counterclaims p. 7, ¶14-17.) For the purposes of a motion to dismiss, Teva's allegations must be taken as true. If Teva's allegations are proven, the applicants of the patents-in-suit committed inequitable conduct — *Innogenetics* does not hold otherwise.

Dated: February 7, 2008                              STEVENS & LEE, P.C.


    /s/ Joseph Grey
Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 N. Market Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 654-5180
Fax: (302) 654-5181
E-mail: jg@stevenslee.com
    tgw@stevenslee.com

Mark D. Schuman
Jeffer Ali
Carlson, Caspers, Vandenburgh & Lindquist
225 South Sixth Street, Suite 3200
Minneapolis, MN  55402
TEL:  (612) 436-9600
FAX:  (612) 436-9605
E-MAIL:  jali@ccvl.com
*Attorneys for Defendant TEVA Pharmaceuticals USA, Inc.*

**CERTIFICATE OF SERVICE**

I, Joseph Grey, hereby certify that, on this 7th day of February, 2008, and in addition to the service provided by the Court's CM/ECF system, true and correct copies of the foregoing Response to Plaintiff's Citation of Subsequent Authority were served by first class United States mail, postage prepaid, upon counsel for the Plaintiff at the following address:

Jack B. Blumenfeld, Esquire
Maryellen Noreika, Esquire
Richard J. Bauer, Esquire
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

    /s/ Joseph Grey
    Joseph Grey