UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN CORPORATION, PLC and ELAN PHARMA INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-552 (SLR) <br><br> CONSOLIDATED |
| ELAN CORPORATION, PLC and ELAN PHARMA INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INTELLIPHARMACEUTICS CORP., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-603 (SLR) |
| ELAN CORPORATION, PLC and ELAN PHARMA INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS SOUTH ATLANTIC LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 07-679 (SLR) |

1

| | |
|---|---|
| ELAN CORPORATION, PLC and ELAN PHARMA INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No. 07-736 (SLR) |

## ACTAVIS SOUTH ATLANTIC LLC'S AMENDED ANSWER AND COUNTERCLAIMS

Defendant Actavis South Atlantic LLC (hereinafter "defendant") hereby responds to the corresponding paragraphs of the Complaint of plaintiffs Elan Corporation, plc and Elan Pharma International LTD (collectively "plaintiffs" or "Elan") to defendant as follows:

1. Admitted, on information and belief.

2. Admitted, on information and belief.

3. Defendant admits that Actavis South Atlantic LLC is a Delaware limited liability company, having a place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

4. Denied, except to admit that the Complaint purports to state a cause of action under Title 35 of the U.S. Code with respect to Actavis South Atlantic LLC's filing of Abbreviated New Drug Application ("ANDA") No. 79-108 prior to the expiration of United States Patent Nos. 6,228,398 ("the '398 patent") and 6,730,325 ("the '325 patent").

5. Admitted.

6. Defendant admits that this Court has personal jurisdiction over Actavis South Atlantic LLC because it is organized under the laws of the State of Delaware and denies the remaining allegations.

2

7. Admitted.

8. Denied, except to state on information and belief that the U.S. Patent & Trademark Office ("PTO") issued U.S. Patent No. 6,228,398 ("the '398 patent") to Elan Corporation plc on May 8, 2001, and that a copy is attached to the Complaint as Exhibit A.

9. Denied, except to state on information and belief that the PTO issued U.S. Patent No. 6,730,325 ("the '325 patent") to Elan Corporation plc on May 4, 2004, and that a copy is attached to the Complaint as Exhibit B.

10. Defendant has insufficient knowledge to admit or deny the allegations and therefore denies the same leaving the plaintiffs to their proof.

11. Admitted.

12. Admitted.

13. Denied, except to state that the Actavis Letter also stated that the Actavis' ANDA included a certification under 21 U.S.C. §355(j)(2)(A)(vii)(IV) that the manufacture, use or sale of the proposed generic dexmethylphenidate hydrochloride capsules described in its ANDA will not infringe any valid claim of the '398 and '325 patents.

14. Defendant incorporates by reference its responses to paragraphs 1-13.

15. Denied.

16. Denied. To the extent that this paragraph purports to state a claim for relief under 35 U.S.C. § 271 (a), (b), or (c) no case or controversy exists and such claims are subject to dismissal.

17. Denied, except to admit that Actavis was aware of the '398 patent prior to filing ANDA No. 79-108.

18. Defendant incorporates by reference its responses to paragraphs 1-13.

3

19. Denied.

20. Denied. To the extent that this paragraph purports to state a claim for relief under 35 U.S.C. § 271 (a), (b), or (c) no case or controversy exists and such claims are subject to dismissal.

21. Denied, except to admit that Actavis was aware of the '325 patent prior to filing ANDA No. 79-108.

## PRAYER FOR RELIEF

Defendant denies that plaintiffs are entitled to any relief from the Court.

## FIRST AFFIRMATIVE DEFENSE

### Invalidity

22. The '398 patent is invalid by reason of the failure of the '398 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

23. The '325 patent is invalid by reason of the failure of the '325 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

### Unenforceability

24. Defendants incorporate by reference the Third Count in its Counterclaims as its Second Affirmative Defense.

## COUNTERCLAIMS

### The Parties

1. Actavis South Atlantic LLC is organized and existing under the laws of the State of Delaware, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

2. Actavis South Atlantic LLC was formed subject to conversion pursuant to Section 18-214 of the Delaware Limited Liability Company Act, which was recorded on May 11, 2007, from Abrika Pharmaceuticals, Inc., a Delaware corporation having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

3. Elan Corporation, plc is an Irish corporation having its principal place of business at Treasury Building, Lower Grand Canal St., Dublin 2, Ireland.

4. Elan Pharma International Ltd. is an Irish corporation having its principal place of business at Monksland, Athlone County, Westmeath, Ireland. On information and belief, Elan Pharma International Ltd. is a subsidiary of Elan Corporation, plc.

5. Plaintiffs Elan Corporation, plc and Elan Pharma International Ltd. are collectively referred to herein as "Elan."

### FIRST COUNT

### Declaration of Non-Infringement

6. Defendant repeats and realleges paragraphs 1-5 of the Counterclaims.

7. This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. Through Abbreviated New Drug Application ("ANDA") No. 79-108, defendant seeks approval to manufacture and sell dexmethylphenidate hydrochloride capsules in the 5, 10, 15 and 20 mg strengths ("Actavis' Proposed Products"), prior to the expiration of the United States Patent Nos. 6,228,398 ("the '398 patent") and 6,730,325 ("the '325 patent"). In its Complaint, Elan has asserted that defendant has infringed the '398 patent and the '325 patent by submission of ANDA No. 79-108 to the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j).

9. Plaintiff maintains, and defendant denies, that Actavis' Proposed Products infringe the '398 patent and the '325 patent.

10. No claim of either the '398 patent or the '325 patent covers Actavis' Proposed Products.

11. Actual and justiciable controversies exist between defendant and plaintiffs regarding the infringement of the '398 patent and the '325 patent.

12. Defendant is entitled to declarations that Actavis' Proposed Products do not infringe the '398 patent and the '325 patent.

## SECOND COUNT

### Declaration of Invalidity

13. Defendant repeats and realleges paragraphs 1-5 of the Counterclaims.

14. This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

15. The '398 patent and the '325 patent are invalid by reason of the failure of the '398 patent and the '325 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

16. Actual and justiciable controversies exist between defendant and plaintiffs regarding the validity of the '398 patent and the '325 patent.

17. Defendant is entitled to declarations that the '398 patent and the '325 patent are invalid.

### THIRD COUNT

#### Declaration of Unenforceability

18. Defendant repeats and realleges paragraphs 1-5 of the Counterclaims.

19. Based on information and belief, during prosecution of the '398 patent, those involved with the prosecution of the '398 patent and having a duty of candor to the Patent Office under 37 CFR 1.56, including the patent applicants and their patent counsel, falsely and misleadingly characterized a piece of prior art before the Patent Office, with the intent to deceive the Patent Office in granting the '398 patent over the prior art reference.

20. Specifically, in a paper entitled "Petition for Accelerated Examination," filed in June 2000 on behalf of the patent applicants by their counsel Leona G. Young, the patent applicants, through counsel, characterized prior art reference U.S. Patent No. 5,837,284, Mehta et al., as "disclos[ing] a formulation that is capable of a delayed release profile *in vitro*, but there is not disclosure of a formulation that produces an *in vivo* pulsed release profile."

21. The characterization of U.S. Patent No. 5,837,284, Mehta et al. including that U.S. Patent No. 5,837,284, Mehta et al., does not disclose a formulation that produces an *in vivo* pulsed release profile, was false and misleading.

7

22. Based on information and belief, the characterization of U.S. Patent No. 5,837,284, Mehta et al., including that U.S. Patent No. 5,837,284, Mehta et al., does not disclose a formulation that produces an *in vivo* pulsed release profile, was made with intent to deceive the Patent Office.

23. As a result, the '398 patent is unenforceable in its entirety due to inequitable conduct.

24. The '325 patent is a continuation of the patent application that matured into the '398 patent.

25. As a result of the unenforceability of the '398 patent, the '325 patent is unenforceable under the doctrines of "infectious unenforceability" and "unclean hands."

## **PRAYER FOR RELIEF**

WHEREFORE, defendant demands judgment in its favor and against plaintiffs, as follows:

a) Dismiss the Complaint with prejudice and deny each request for relief made by plaintiffs;

b) Declare the '398 patent invalid and not infringed;

c) Declare the '325 patent invalid and not infringed;

d) Declare the '398 patent is unenforceable;

e) Declare the '325 patent is unenforceable;

f) Adjudge that this case is exceptional under 35 U.S.C. § 285;

g) Award defendant its attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or the general power of the Court;

h) Preliminarily and permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from utilizing either the '398 patent or the '325 patent to block, hamper, hinder or obstruct FDA approval of Actavis' Proposed Products;

i) Permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from asserting or otherwise seeking to enforce the '398 patent or the '325 patent against defendant or anyone in privity with defendant;

j) Order plaintiffs to request FDA to terminate the 30-month statutory stay provided by 21 U.S.C. § 355(j)(5)(B)(iii); and

k) Award defendant such other and further relief as the Court deems just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ David J. Margules
Andre G. Bouchard (I.D. No. 2504)
David J. Margules (I.D. No. 2254)
Sean M. Brennecke (I.D. No. 4686)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
dmargules@bmf-law.com
sbrennecke@bmf-law.com
*Attorneys for Defendant*
*Actavis South Atlantic LLC*

OF COUNSEL:

Francis H. Morrision, III
Jeremy C. Lowe
Jonathan A. Harris
Matthew J. Becker
James Mahanna
AXINN, VELTROP &
  HARKRIDER LLP
90 State House Square
Hartford, CT 06103-3702
Telephone:   860.275.8100

Dated: May 1, 2008